**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-cv-26558-KUNTZ**

**CRISTIAN MICHEL SCULL ARANGUREN,**

Petitioner,

v.

**MIAMI FEDERAL DETENTION CENTER, WARDEN,**

Respondent.
___________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Petition of Cristian Michel Scull Aranguren for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF 1], filed today on September 22, 2026. This is the third such request in less than five months. *Id.* a 6. After carefully reviewing the Petition and both of the earlier denials by Judge Dimitrouleas (on August 13, 2026) and Judge Williams (on July 31, 2026), this will also be the third denial in less than three months. *See Scull Aranguren v. Miami Federal Detention Center et al*, No. 26-cv-25462-WPD, Order [ECF 3], filed August 13, 2026 (S.D. Fla. 2026); *see also Scull Aranguren v. Warden, Miami Federal Detention Center et al*, No. 26-cv-23460-KMW, PAPERLESS ORDER [ECF 15], filed July 31, 2026 (S.D. Fla. 2026). Accordingly, the Court again **DENIES** the Petition **WITHOUT PREJUDICE**.

Unlike the two prior petitions, this Petition omits any mention of "theft," even as Judge Williams' order closing her case found that the petitioner's pending

charge in Seminole County warranted mandatory detention under the Laken Riley Act. *Id.* Here, no material change has occurred since, and this Petition again notes that a final order of removal was issued on June 18, 2026 [ECF 1-1 at page 7]. Recently, Judge Dimitrouleas explained to the Petitioner that "[t]o the extent Petitioner challenges the outcome of the bond hearing, the Court declines to comment on such a challenge, which is not properly before the Court, and which lies in the sound discretion of the immigration judge. *See* 8 U.S.C. § 1226(e)." *Scull Aranguren v. Miami Federal Detention Center et al*, No. 26-cv-25462-WPD, Order [ECF 3 at page 2], filed August 13, 2026 (S.D. Fla. 2026). However, this Petition asks for extraordinary relief while awaiting an appeal to the BIA [ECF 1 at page 5].

Again, while this Petition lacks many key specifics, it appears that the petitioner is still a twenty-three-year-old Cuban male who entered the country illegally during November 2023. *See Scull Aranguren v. Warden, Miami Federal Detention Center et al*, No. 26-cv-23460-KMW, Petition for Writ of Habeas Corpus [ECF 1 at page 3], filed April 24, 2026 (S.D. Fla. 2026). Although this Petition—nor any prior—includes any Exhibit as to the pending state charges, it is widely understood that "[f]ollowing the recent passage of the Laken Riley Act, Pub. L. 119-1, 139 Stat. 3 (2025) (codified at 8 U.S.C. § 1226(c)(1)(E)), Congress expanded the mandatory detention provisions of § 1226(c) specifically to include present, unadmitted aliens who were convicted of or **charged with** certain offenses." *Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1278 (11th Cir. 2026) (emphasis added). Moreover, 8 U.S.C. § 1101(a)(43)(G) identifies certain offenses

such as "aggravated felony," including "a theft offense... for which the term of imprisonment [is] at least one year." And, since the INA does not define "theft offense," courts must "construe that term according to the generic definition of 'theft.'" *Ramdial v. U.S. Att'y Gen.*, No. 25-10093, 2026 WL 2453337, at *3 (11th Cir. Aug. 21, 2026). Importantly, Judge Williams had already found that a theft offense implicated mandatory detention under Section 1226. *N.B.* under Fla. Sta. 812.014, charges for petit theft of the first degree may result in a year's imprisonment.

District courts throughout the country have held that "Section 1226(c)(1)(E) applies to noncitizens who are merely 'arrested for' for certain crimes, even though the charge has not been proved, and the noncitizen might ultimately be exonerated." *T.C. v. Genalo*, 26-cv-5000, 2026 U.S. Dist. LEXIS 203802, at *7 (E.D.N.Y. Sept. 8, 2026); *see also Oldacre v. Arteta*, 26-cv-2672, 2026 U.S. Dist. LEXIS 111247, 2026 WL 1398650, at *4 (S.D.N.Y. May 19, 2026), *amended in part*, 26-cv-2672, 2026 U.S. Dist. LEXIS 132104, 2026 WL 1718184 (S.D.N.Y. June 12, 2026); *see also Hanson v. Joyce*, No. 26-cv-3326, 2026 U.S. Dist. LEXIS 158345, 2026 WL 2058445, at *2 (S.D.N.Y. July 16, 2026). Hence, this Petition does not explain why the petitioner escapes mandatory detention per Section 1226(c)(1)(E). *C.f. Moreno Marquez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-635-TJC-PDB, 2026 WL 1905796, at *3 (M.D. Fla. July 2, 2026) (holding that a Venezuelan national's burglary fell short of mandatory detention due to the sentence faced). Overall, where habeas relief is discretionary, sufficient facts are needed to justify release, unless "equitable principles dictate that [the Court] deny the Petition."

*Hernandez v. Warden, Krome Serv. Processing Ctr.*, 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026). *See generally Withrow v. Williams*, 507 U.S. 680, 716-19 (1993).

Ultimately, the petitioner rightly admits that "Hernande Alvarez does not automatically compel release here" [ECF 1-1 at page 4]. "Hernandez Alvarez ha[d] no criminal history." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami,* 175 F.4th 1258, 1263 (11th Cir. 2026). To that end, "holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (internal quotations omitted). Additionally, "Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing." *Perez v. Gonzalez*, - F. Supp. 3d -, 26-cv-62467, 2026 WL 2792870, at *4 (S.D. Fla. Sept. 10, 2026). Put simply, for the relief sought on well-trodden grounds, denial is again appropriate. Accordingly, it is

**ORDERED AND ADJUDGED** that the **Petition [ECF 1]** is **DENIED without prejudice**. Further, the Clerk must **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE** and **ORDERED** in Chambers in Fort Lauderdale, Florida on September 22, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record